THE STATE, EX REL. NORTON C. RICARDO v. THE COURT OF COMMON PLEAS OF PASSAIC.

*Mandamus* will not be allowed to require the Court of Common Pleas to discharge an insolvent debtor because a dissatisfied creditor fails to pay the weekly sum for his support. The proper remedy to review an order refusing the discharge, is a writ of *certiorari.*

In matter of insolvency. On application for *mandamus* to require the Court of Common Pleas of Passaic county to discharge the relator as an insolvent debtor, &c.

Argued at June Term, 1875, before Justices SCUDDER, KNAPP and DIXON.

For the application, *John Hopper.*

Contra, *S. Tuttle.*

The opinion of the court was delivered by

SCUDDER, J. Norton C. Ricardo, an insolvent debtor, applies for a writ of *mandamus* to be directed to, and requiring the Court of Common Pleas of the county of Passaic to discharge the said Ricardo, by reason of the failure of payment of the sum of $2 per week, according to the agreement and undertaking of Walter Shafer, a dissatisfied creditor. Ricardo applied for such discharge, and the court, on May 15th, 1875, refused to grant the same.

State, ex rel. Ricardo v. Common Pleas of Passaic.

This refusal was on the ground that as the debtor was not in actual confinement, but at large on his bond, payment to him, or to the jailor, of the weekly sum for his support, could not be required.

That the debtor who has given bond to the plaintiff, on his arrest, is not in confinement, nor bound to surrender himself into custody until the Court of Common Pleas make a final decision of the matter, is determined in *Doremus* v. *Bush*, 1 *Vroom* 85.

The Court of Common Pleas have, therefore, adjudged, that the stipulation to pay $2 per week does not apply to this class of debtors, who are not in confinement and require no support, and refused a discharge for non-payment.

We are now asked to reverse this decision, and direct the Court of Common Pleas to pronounce another judgment, and discharge the debtor. As this was a judicial determination of the Court of Common Pleas in a matter where they have jurisdiction, and they, in the exercise of their discretion, have settled the question, there is no power in this court, by a writ of *mandamus*, to control and reverse their judgment.

We will not determine on this application whether they were right or wrong in their construction of the act; a review can only be had on *certiorari*.

The office of the writ of *mandamus* is clearly stated in *Roberts* v. *Holsworth*, 5 *Halst.* 57, where it is said, that " to officers a writ of *mandamus* may go to direct them how to proceed, and what to do, but a *mandamus* to a court only directs them to proceed according to law, and does not direct them how to proceed. The furtherest we have ever gone in these cases of *mandamus*, is on appeal to the Common Pleas from the judgment of a justice, where we have directed the Court of Common Pleas to restore an appeal which had been dismissed. But this, in effect, is nothing more than ordering them to proceed, and not directing the manner in which they shall proceed."

It is said in *High on Extraordinary Legal Remedies*, § 156, that this rule may be regarded as established by an over-

whelming current of authority, both English and American, that a *mandamus* will not lie to control the exercise of the discretion of inferior courts, and where such courts have acted judicially upon a matter properly presented to them, their decision cannot be altered or controlled by *mandamus* from a superior tribunal.

See also, *Fish* v. *Weatherwax*, 2 *Johns. Cases* 217–23; *Oneida Common Pleas* v. *People*, 18 *Wend.* 79; *Sturgis* v. *Joy*, 2 *El. & Bl.* 739; *Queen* v. *Blanshard*, 13 *Ad. & El.* (*N. S.*) 318; *Ex parte Newman*, 14 *Wall.* 152.

There are also many cases in our own court which agree with this principle, and with the cases above cited. *Squier* v. *Gale*, 1 *Halst.* 157; *Anonymous*, 2 *Halst.* 160; *Prickett's Case, Spencer* 134; *Blanchard's Case*, 3 *Green* 478; *Stout* v. *Hopping*, 2 *Harr.* 471; *Cortelyou* v. *Ten Eyck*, 2 *Zab.* 45; *Ferris* v. *Munn, Ib.* 161.

In *State* v. *Stiles*, 7 *Halst.* 296, an order was made by three Judges of the Court of Common Pleas for the discharge of the debtor from imprisonment, because the creditor failed to pay the weekly allowance. A *certiorari* was brought to set aside the order, and the order to discharge was affirmed. If the discharge be refused, as in this case under consideration, a writ of *certiorari* will lie, and it is the only appropriate remedy for an appeal.

As the debtor has a remedy in the usual course of proceedings at law for review of the judgment of the inferior court, he is not entitled to the extraordinary writ of *mandamus*.

The motion for *mandamus* is refused.